UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANA MARIA MEJIA by her legal guardian
GENRRI DANIELMORALES and GENRRI
DANIEL MORALES, her husband, individually
and on behalf of their minor children

                        Plaintiffs,

      - against -

THE UNITED STATES of AMERICA,

and

ORANGE REGIONAL MEDICAL CENTER

                       Defendants.
------------------------------------------------------------X

**COMPLAINT**

Case No.

**Plaintiffs Demand a Trial by Jury**

13 CV 1789

     Plaintiffs ANA MARIA MEJIA by her legal guardian GENRRI DANIEL MORALES on behalf of Ana Maria Mejia, himself and their minor children, by their attorneys KREINDLER & KREINDLER LLP and KEVIN CONCAGH, P.C., respectfully allege upon information and belief as follows:

### JURISDICTION AND VENUE

     1.     Jurisdiction exists pursuant to 28 U.S.C. §§ 1346(b), 2671 – 2680 (1988), as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 § 5, which provides that a person with claims for damages resulting from the actions of federal employees taken within the scope of their office or employment must bring suit against the United States directly.

1

2. Further, this Court has jurisdiction over this action because the United States of America is a defendant pursuant to 28 U.S.C. § 1346(b)(1). The Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. § 233(g)-(n), provides Federal Tort Claims Act coverage to federally-supported health centers and their employees for acts or omissions that occurred on or after January 1, 1993, or when the health center was deemed eligible for coverage, whichever is later.

3. The Department of Health and Human Services, Bureau of Primary Health Care, in accordance with Section 224(h) of the Public Health Service Act, 42 U.S.C. § 233(h), as amended by the Federally Supported Health Centers Assistance Act of 1992, has deemed MIDDLETOWN COMMUNITY HEALTH CENTER, INC. ("Middletown Community Health Center") a federally qualified health center ("FQHC"). Further, Middletown Community Health Center and its all of its officers and employees as well as any of its contractors who are physicians or other licensed or certified health care practitioners are deemed Federal employees under 42 U.S.C. § 233(g)(1)(A), as Middleton Community Health Center is and was at all relevant times a non-profit entity receiving Federal funds under 42 U.S.C. § 254b.

4. Additionally, under 42 U.S.C. § 233(g)(1)(A), Christopher Allen, M.D. is and at all relevant times was deemed an employee of the Public Health Service. At all relevant times, the Middletown Community Health Center was a non-profit entity receiving Federal funds under 42 U.S.C. § 254b. Further, at all relevant times, Dr. Allen was a physician employed by and/or contracting with Middletown Community Health Center, and either performed on average at least 32 ½ hours of service per week for the Middletown Community Health Center, an FQHC, and/or he is a licensed or certified provider of services in the fields of family practice, general

2

internal medicine, or obstetrics and gynecology. Consequently, Dr. Allen is considered employees of the Public Health Service for purposes of this litigation.

5. This Court has further jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship, in that the plaintiffs are citizens of a foreign country, to wit, Honduras, and reside within this district; defendant ORANGE REGIONAL MEDICAL CENTER ("ORMC") is a corporation organized and existing under the laws of the State of New York and maintains its principal place of business within this district; Dr. Allen is a physician duly licensed to practice medicine in the State of New York and maintains his principal place of business within this district; Middletown Community Health Center is a not-for-profit corporation organized and existing under the laws of the State of New York; and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Prior to filing this complaint, plaintiffs exhausted all administrative remedies. On February 6, 2012, plaintiffs filed two administrative tort claims with the United States Department of Health and Human Services ("HHS") under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671- 2680. On September 17, 2012, HHS denied those claims.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) because all defendants reside within this district and a substantial amount of the acts and/or omissions giving rise to this action occurred within this district.

8. At all times relevant, plaintiffs ANA MARIA MEJIA ("Mejia") and GENRRI DANIEL MORALES ("Morales") were and are husband and wife.

9. At all times relevant, defendant ORMC was and is a healthcare and hospital facility located at 60 Prospect Avenue, Middletown, N.Y. and also at 707 East Main Street,

Middletown, N.Y.

10. At all times herein mentioned, defendant ORMC provided medical care and services to the public; and during 2011 through the present defendant ORMC provided medical care and services to plaintiff Mejia.

11. At all relevant times mentioned, defendant ORMC agreed and undertook to faithfully, carefully, skillfully and competently, and in accordance with the approved and accepted standards of skill, knowledge and proficiency prevailing and ordinarily possessed by others of its profession in the community, render professional care, aid, attention, treatment and advice to those persons soliciting or receiving its services, including plaintiff Mejia.

12. At all relevant times, the Middletown Community Health Center, which does and at all relevant times did receive Federal funds, was a Federally Qualified Health Center for purposes of the Federally Supported Health Centers Assistance Act of 1992 and the Federal Tort Claims Act and was an employee of the Public Health Service and any acts of negligence or misconduct, whether direct or vicarious, as well as any acts of negligence or misconduct by its employees, contractors or agents fall within the Federal Tort Claims Act under 42 U.S.C. § 233(g)(1)(A).

13. At all relevant times, Dr. Allen was an employee of the Public Health Service, and any acts of his negligence or misconduct fall within the Federal Tort Claims Act, under 42 U.S.C. § 233(g)(1)(A). Dr. Allen is deemed an employee of the Public Health Service because at all relevant times he either performed on average at least 32 ½ hours of service per week for the Middletown Health Community Health Center, an FQHC, and/or is a licensed or certified

provider of services in the fields of family practice, general internal medicine, or obstetrics and gynecology.

14. At all times herein mentioned, Dr. Allen was and is a physician duly licensed to practice medicine in the State of New York and held himself out as a skilled specialist in obstetrics and gynecology who was capable of treating and rendering medical and surgical care to plaintiff Mejia and agreed to render good and acceptable medical and surgical care to plaintiff Mejia.

15. During 2011 and to present, Dr. Allen undertook and rendered certain medical, surgical, and other health care to plaintiff Mejia.

16. On or about March 11, 2011, plaintiff Mejia was a maternity patient at defendant ORMC and gave birth to her third child after a normal spontaneous vaginal delivery under the care of Dr. Allen.

17. On or about March 28, 2011, plaintiff Mejia presented at defendant Middletown Community Health Center for a post-natal visit at which time she scheduled a tubal ligation for April 18, 2011.

18. On or about April 18, 2011, plaintiff Mejia returned to defendant ORMC and Dr. Allen for a tubal ligation, which was performed as an out-patient procedure at ORMC by Dr. Allen, and she was discharged the same day.

19. On or about April 18, 2011, prior to discharge from the ORMC, plaintiff Mejia was told that she might experience some bleeding, abdominal pain, and fever and that she should take ibuprofen if she did.

20. On or about April 20, 2011, plaintiff Mejia was suffering from worsening pain

after the tubal ligation, and was in significant debilitating distress, and was rushed back to defendant ORMC's emergency room by ambulance.

21. At the time she presented at the ORMC emergency room on April 20, 2011, plaintiff Mejia was tachycardic, had a fever of 104, had abdominal pain and an altered mental status, was septic and in septic shock, and was in and out of consciousness.

22. On or about April 20, 2011, plaintiff Mejia underwent emergency surgery where it was determined that her septic condition was a result of both of her ovaries being ischemic and infracted. Upon information and belief the damage to plaintiff Mejia's ovaries, and the resulting sepsis and septic shock, was caused by the incorrect and improper placement of Filshie clips used during her April 18, 2011 tubal ligation, which cut off the flow of blood and oxygen to her ovaries.

23. After the April 20, 2011 emergency surgery, plaintiff Mejia was placed in the Critical Care Unit of defendant ORMC. As she was starting to wake from the anesthesia, plaintiff Mejia went into cardiac arrest and suffered a stroke, which caused permanent neurological injury and damages.

24. As a result of the foregoing, plaintiff Mejia suffers and will continue to suffer total paralysis and "locked in syndrome" where she is fully aware of her condition and predicament but cannot speak or move or care for herself or her baby, and is confined to a bed in a nursing facility.

25. As a result of the foregoing, plaintiff Mejia requires around the clock medical care and attention, has suffered and will continue to suffer for her lifetime, physical, emotional and psychological pain and suffering, disability, loss of earnings and services, medical expenses and

the cost of medical care and attention, and loss of enjoyment of life's pleasures.

### FIRST CAUSE OF ACTION FOR PERSONAL INJURY
### AGAINST ORANGE REGIONAL MEDICAL CENTER

26. Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs 1 through 25 inclusive, with the same force and effect as if hereinafter set forth at length.

27. The injuries and resulting damages suffered by plaintiff Mejia were caused or contributed to by defendant ORMC, its agents, servants, and employees while acting in the scope of their authority and in the business of defendant ORMC.

28. Defendant ORMC, its agents, servants, and employees were careless and negligent in that it and/or they failed to properly give attention to and evaluate plaintiff Mejia's medical condition, symptoms, and complaints; they violated applicable rules, regulations, and standards of conduct; they were negligent in the provision of medical services and treatment to and on behalf of plaintiff Mejia; they were negligent and careless in failing to properly and skillfully respond to plaintiff Mejia's condition and complaints; they were negligent in departing from accepted medical practices and procedures in the services rendered for and on behalf of the plaintiff Mejia; they were negligent in performing contraindicated procedures on plaintiff Mejia; they were negligent in failing to perform indicated and necessary medical procedures and treatment; and the defendant OCMC and/or its agents, servants, and employee were otherwise negligent.

29. Upon information and belief, the deviations from acceptable medical practices and from the accepted standard of care by defendant ORMC, its agents, servants, and employees, include the following:

7

- They did not possess that reasonable degree of general learning, skill, and competence that is ordinarily possessed in the rendition of such services by hospitals and personnel practicing their business and profession in the community; nor did they posses that degree of special knowledge, skill, and experience necessary in the exercise of their duties and responsibilities, and the application thereof in the services to plaintiff Mejia for which they were employed;

- They did not use their best judgment in exercising their skill and applying their knowledge;

- They did not follow the accepted practices and procedures in the community and instead followed unaccepted practices and procedures;

- They withheld from and gave wrong or inadequate information and directions to plaintiffs and persons treating and curing plaintiff Mejia as to the cause and nature of her injuries and illness;

- They rendered unnecessary services to plaintiff Mejia;

- They rendered services to plaintiff Mejia in such negligent and improper manner as to cause her injuries and they failed to take proper procedures to cure her or to prevent or diminish the effect of her injuries; and

- They otherwise violated their duties and were negligent.

30. The catastrophic injuries and damages suffered by plaintiff Mejia were caused by the carelessness, recklessness, and negligence of defendant ORMC and its agents, servants and/or employees, and plaintiff Mejia did not contribute thereto.

31. This case is governed by one or more of the exceptions contained in New York C.P.L.R. §1602.

32. As a result of the foregoing, plaintiff Mejia has sustained serious and severe permanent personal injuries with related past and future pain and suffering, and economic damages past, present, and future.

33. By reason of the foregoing, plaintiff Ana Maria Mejia has been damaged in the

sum of FIFTY MILLION DOLLARS ($50,000,000) in compensatory damages.

34.     The aforementioned acts and omissions by defendants constitute willful and wanton misconduct, and recklessness and gross negligence which entitle the plaintiffs to an award of punitive damages.

## SECOND CAUSE OF ACTION FOR PERSONAL INJURY
## AGAINST THE UNITED STATES

35.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs 1 through 25 and 27 through 32 inclusive, with the same force and effect as if hereinafter set forth at length.

36.     During the aforementioned time, Dr. Allen and the Middletown Community Health Center cared for, examined, diagnosed, treated, and advised plaintiff Mejia.

37.     Dr. Allen and the Middletown Community Health Center owed a duty to plaintiff Mejia to use that degree of care, skill, and diligence used by physicians generally and specialists and/or practitioners in the field of obstetrics and gynecology and to exercise reasonable care when providing medical care and attention in the course of rendering services to her.

38.     Dr. Allen was negligent and deviated from accepted and acceptable medical standards and practices in the care and treatment that he rendered to plaintiff Mejia, and breached the duty or care he owed to her, and as a result plaintiff Mejia sustained severe personal injuries and damages.

39.     Dr. Allen was careless and negligent in that he failed to properly give attention to and evaluate plaintiff Mejia's medical condition, symptoms and complaints; violated rules, regulations, and standards of conduct; was negligent in the provision of medical services and

treatment to and on behalf of plaintiff Mejia; was negligent and careless in failing to properly and skillfully respond to plaintiff Mejia's condition and complaints; was negligent in departing from accepted medical practices and procedures in the services rendered for and on behalf of plaintiff Mejia; was negligent in performing contraindicated procedures on plaintiff Mejia; was negligent in failing to perform indicated and necessary medical procedures and treatment; and was otherwise negligent.

40. Upon information and belief, the deviations from acceptable medical practices and from the accepted standard of care by Christopher Allen, M.D., include the following:

- He did not possess that reasonable degree of general learning, skill, and competence that is ordinarily possessed in the rendition of such services by personnel practicing their business and profession in the community; nor did he possess that degree of special knowledge, skill, and experience necessary in the exercise of his duties and responsibilities, and the application thereof in the services to plaintiff for which he was employed;

- He did not use his best judgment in exercising his skill and applying his knowledge;

- He did not follow accepted practices and procedures in the community and instead followed unaccepted practices and procedures;

- He withheld from, and gave wrong or inadequate information and directions to plaintiffs and persons treating and curing plaintiff Mejia as to the cause and nature of plaintiff Mejia's injuries and illness;

- He rendered unnecessary services to plaintiff Mejia;

- He rendered services to plaintiff Mejia in such negligent and improper manner as to cause her injuries and he failed to take proper procedures to cure her or to prevent or diminish the effect of her injuries; and

- He otherwise violated his duties and responsibilities and was negligent.

41. At all relevant times, Christopher M. Allen, M.D. practiced his profession at Middletown Community Health Center, which maintains its headquarters at 21 Orchard Street, Middletown, New York 10940.

42. At all relevant times, Middletown Community Health Center operated as a medical facility and solicited patients for medical care in exchange for payment, maintaining multiple facilities for the practice of medicine in Orange County, New York. The Middletown Community Health Center is and at all relevant times was vicariously liable for the acts of negligence and misconduct of its employees and agents.

43. The Department of Health and Human Services, Bureau of Primary Health Care, in accordance with Section 224(h) of the Public Health Service Act, 42 U.S.C. § 233(h), as amended by the Federally Supported Health Centers Assistance Act of 1992, has deemed Middletown Community Health Center a federally qualified health center and has deemed the Middletown Community Health Center and Dr. Allen to be employees of the United States.

44. As such, defendant United States of America is liable for any acts of negligence committed by Middletown Community Health Center, whether direct or vicarious, and/or any of its staff members, including Christopher Allen, M.D., under the Federal Tort Claims Act.

45. Plaintiff Mejia's injuries were caused or contributed to by the wrongful, improper, and unskillful treatment rendered by Dr. Allen and other staff members of the Middletown Community Health Center including physicians, nurses, physicians' assistants, and other medical personnel, and plaintiff Mejia did not contribute thereto.

46. As a result of the foregoing, plaintiff Mejia has sustained serious and severe permanent personal injuries with related past and future pain and suffering, and economic

damages past, present, and future.

47. By reason of the foregoing, plaintiff Mejia has been damaged in the sum of FIFTY MILLION DOLLARS ($50,000,000) in compensatory damages.

### THIRD CAUSE OF ACTION FOR
### DERIVATIVE DAMAGES ON BEHALF OF GENNRI DANIEL MORALES

48. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 25, 27 through 32, and 36 through 46 inclusive with the same force and effect as if set forth at length.

49. Plaintiff Morales is the lawful husband of plaintiff Mejia.

50. As a result of the negligence of the defendants and the injuries suffered by his wife, plaintiff Morales has been deprived of the love, society, consortium, care, assistance, and services of his wife Ana Maria Mejia, has incurred expenses during the time of the treatment herein mentioned through the present, and these losses will continue into the future.

51. By reason of the foregoing, plaintiff Genrri Daniel Morales has been damaged in the sum of FIVE MILLION DOLLARS ($5,000,000).

### FOURTH CAUSE OF ACTION FOR
### LACK OF INFORMED CONSENT

52. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 25, 27 through 32, and 36 through 46 inclusive with the same force and effect as if set forth at length.

53. Defendants and their agents, servants, and employees failed to inform plaintiff Mejia of the risks, benefits, and alternatives connected with the treatment rendered and procedures performed so that she could provide informed consent for medical treatment.

54. A reasonably prudent person in the position of plaintiff Mejia would not have undergone the treatment rendered and procedures performed if she had been fully informed of the risks, hazards, and alternatives connected with said treatment.

55. The failure to adequately and fully inform plaintiff Mejia of the risks, benefits, and alternatives of the treatment rendered and procedures performed was a proximate cause of the injuries she sustained.

56. Because of this failure to adequately and fully inform and advise plaintiff Mejia, there was no informed consent to the treatment rendered and procedures performed.

57. As a result of the foregoing, plaintiff Mejia sustained serious and severe permanent personal injuries with related pain and suffering and economic loss past, present, and future.

58. By reason of the foregoing, plaintiff Ana Maria Mejia has been damaged in the sum of FIFTY MILLION DOLLARS ($50,000,000).

**WHEREFORE**, the plaintiffs demand judgment against the defendants on the causes of action herein alleged as follows:

| | |
|---|---|
| **FIRST CAUSE OF ACTION:** | **FIFTY MILLION ($50,000,000) DOLLARS** |
| **SECOND CAUSE OF ACTION:** | **FIFTY MILLION ($50,000,000) DOLLARS** |
| **THIRD CAUSE OF ACTION:** | **FIVE MILLION ($5,000,000) DOLLARS** |
| **FOURTH CAUSE OF ACTION:** | **FIFTY MILLION ($50,000,000) DOLLARS** |

together with punitive damages, interest and the costs and disbursements of this action.

Dated: March 18, 2013
      New York, New York

By: _____
NOAH H. KUSHLEFSLY (NHK 6272)
KREINDLER & KREINDLER LLP
Attorneys for Plaintiffs
ANA MARIA MEJIA and
GENRRI DANIEL MORALES
750 Third Avenue
New York, NY 10017
212-687-8181

-and-

KEVIN CONCAGH (9144 KC)
KEVIN CONCAGH, P.C.
Attorneys for Plaintiffs
ANA MARIA MEJIA and
GENRRI DANIEL MORALES
225 Broadway
New York, N.Y. 10007
212-962-2727

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANA MARIA MEJIA by her guardian
GENRRI DANIELMORALES and GENRRI
DANIEL MORALES, her husband, individually     **CERTIFICATE OF MERIT**
and on behalf of their minor children

                                 Plaintiffs,

         - against -

UNITED STATES of AMERICA,

and

ORANGE REGIONAL MEDICAL CENTER

                               Defendants.
------------------------------------------------------------X

         NOAH H. KUSHLEFSKY, hereby declares as follows:

         I am a partner with the firm of Kreindler & Kreindler LLP and as such am fully familiar with the facts and circumstances relating to the within action.

         I have reviewed the facts of the within case and know that a physician licensed to practice medicine in this State has been consulted with and I reasonably believe them to be knowledgeable in the relevant issues involved in this particular action and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action.

Date:   March 18, 2013
         New York, New York

                                                                Noah H. Kushlefsky (NHK 6272)